# Exhibit A

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

**OLGA SOLEDAD REYES** ) **2018 06082**
9648 Burke Lake Road )
Burke, VA 22015 )
)
Plaintiff, )
)
V. )
)
)
**U.S. BANK NATIONAL ASSOCIATION AS** )
**TRUSTEE FOR BLUE WATER INVESTMENT** )
**TRUST 2017-1** )
800 Nicollet Mall )
Minneapolis, MN 55042 )
)
   SERVE: CT CORPORATION SYSTEM )
      Registered Agent )
      4701 Cox Road Suite 285 )
      Glen Allen, VA 23060 )
)
And )
)
)
**TRUSTEE SERVICES OF VIRGINIA, LLC** )
484 Viking Drive, Suite 203 )
Virginia Beach, Virginia 23452 )
)
)
   SERVE: BROCK & SCOTT, PLLC )
      Registered Agent )
      484 Viking Drive, Suite 3 )
      Virginia Beach, Virginia 23452 )
)
)
      Defendants. )
_____)

**COMPLAINT FOR UNLAWFUL FORECLOSURE**

COMES NOW, Olga Soledad Reyes, pro se, (hereinafter referred to as "Plaintiff"), and for her

Complaint states as follows:

## PRELIMINARY STATEMENT

1. This action arises out of Defendant's illegal attempts to ascertain ownership of real estate property belonging to Plaintiff.

2. The essence of the lawsuit is that Defendant have asserted ownership of Plaintiff property without producing any proof of ownership.

3. Defendant in the advancement of their illegal behavior have posted notices in Plaintiff's residence and left cards indicating they are the owners of the property and making demands to vacate his lawfully owned home

4. Plaintiff Olag Soledad Reyes, alleges that Defendants Trustee Services of Virginia, LLC, a foreclosure mill, and U.S. Bank National Association as Trustee for Blue Water Investment Trust 2017-1., violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.("FDCPA") by making demands for payment and demands that Plaintiff turn over her rightfully owned property to them in violation of Virginia law.

## I. PARTIES

5. Plaintiff is a resident of the Virginia, and is the lawful and sole title holder of 9648 Burke Lake Road, Burke, VA 22015 (hereinafter, the "Property".)

6. Defendant U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST7-1 is national association regulated by the United States Treasury Department' s Office of Thrift Supervision and with its principal office located at 800 Nicollet Mall, Minneapolis, MN.

7. Defendant TRUSTEE SERVICES OF VIRGINIA, LLC is a company whose sole purpose is to serve as the substitute trustee for mortgage loans that are referred to the law firm of Brock & Scott, PLLC, for the purpose of collecting delinquent debts and/or conducting foreclosure sales for which it purports to be as a substitute trustee. Its principal place of business is located at 484 Viking Drive, Suite 203, Virginia Beach, Virginia 23452

8. Defendants regularly collect or attempts to collect debts owed or due, or asserted to

be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined as defined at 15 U.S.C § 1692a(6). Defendants use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## II. JURISDICTION AND VENUE

9. This Court may exercise personal jurisdiction over the Defendants in this action because they transacted business, including the transactions at issue in the present matter, within the Commonwealth of Virginia.

10. Venue is appropriate in this Court pursuant to Virginia Code 8.01-261 (3)(b) because this suit concerns real property located in Fairfax County, Virginia.

## IV. FACTS

11. On or about April 4, 2018 Defendants caused to record a Trustee Deed among the land records alleging that the property was sold to U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST 2017-1

12. The sale of the property is illegal as Trustee Services of Virginia was not lawfully appointed as substitute trustee by the Lender.

13. Defendant TRUSTEE SERVICES OF VIRGINIA, LLC indicated to Plaintiff that they had the legal authority to sell the property but failed to provide any documentation that could legally prove they were legally appointed substitute trustees.

14. Further, Plaintiff requested to Defendants a debt validation pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b).

15. Despite numerous attempts requesting the information Defendants have not complied with "FDCPA" and therefore are collecting an illegal debt.

16. Defendants Trustees Services of Virginia and U.S. Bank in violation of the Fair Debt Credit Collection Practices Act and/or extortion laws, sent a number of communications to Plaintiff demanding to vacate her home.

17. Plaintiff alleges that each of Defendants' claim of interest in the property is adverse to those of Plaintiff and that Defendants are without standing and legal authority to exercise any claim on the subject property, and that such claims, in any, are subject to being "quieted."

18. Upon information and belief, Defendants have no legal or equitable right, claim on interest is said real property as the obligation has been extinguished, has been satisfied, is void, or has been split form the Deed of Trust resulting in an unsecured Note or obligation, voiding the security interest in the Property.

19. Once Plaintiff refused to comply with defendant's illegal demands, Defendants threatened with eviction of Plaintiff's Property.

20. Plaintiff disputes any claim of interest in the property by Defendants

21. Plaintiff seeks the rescission of the foreclosure sale.

## IV. CAUSES OF ACTION

### COUNT I
### (DECLARATORY JUDGMENT)
### Virginia Code Ann. § 8.01-184

22. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-21 of the Complaint as if stated fully herein.

23. Defendants have no legal or equitable right or interest in the Property, and consequently, enter an Order any instrument to be recorded at land records by Defendants affecting Plaintiff's property be stricken.

### COUNT II
### (VIOLATION OF THE FDCPA)
### Fair Debt Collection practices Act ("FDCPA")
### 15 U.S.C. § 1692 et seq. (2000)

24. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-23 of the

Complaint as if stated fully herein.

25. Without authority to so act, Defendants have engaged in practices that violate the Fair Debt Collection Practices Act, as Defendants do not have the right or authority to assert any interest in the property.

26. In the alternative, Defendant acting at the behest of another entity (upon information and belief other unknown Defendants, their actions are still in violation of the FDCPA as that entity does not have the right or authority to demand entry to the property.

## COUNT III
### (COMMON LAW FRAUD)

27. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-26 of the Complaint as if stated fully herein.

28. This action will determine the rights of the parties to the Property.

29. Defendants have acted as if it had the authority to file a deed of ownership.

30. Defendants, by their misrepresentation and without establishing their standing, or demonstrating to the Plaintiff, and the judicial system and the Court of the Commonwealth of Virginia that Defendants are true parties in interest, have fraudulently set themselves up as having the right change title of his home.

31. Upon information and belief, Defendants have no legal or equitable right, claim on interest is said real property as the obligation has been extinguished, has been satisfied, is void, or has been split form the Deed of Trust resulting in an unsecured Note or obligation, voiding the security interest in the Property.

32. Defendant Trustees Services of Virginia, in violation of its fiduciary duty and impartial obligations under the deed of trust has failed to perform due diligence to ensure that the entity invoking the power of sale under the Deed of Trust actually had the authority and standing to do so; further.

33. By proceeding with demands for payment defendants Trustees Services of Virginia and U.S. Bank engaged in extortion by demanding money from Plaintiff when no debt was owed.

34. Defendant Trustees Services of Virginia, as the purported trustee, is in breach of its

fiduciary duty to Plaintiff to remain impartial as required by Virginia Law.

35. Based on misrepresentation, the Defendants fraudulently misrepresented and ascertained authority and illegally demand payment from Plaintiff when debt has not been validated.

## COUNT IV
## (SLANDER OF TITLE)

36. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-35 of the Complaint as if stated fully herein.

37. Plaintiff is the only party to this matter that can prove legal and equitable ownership interest in the Property

38. As the proximate cause of the Defendants actions, said slandering of the Plaintiff's property were caused to suffer injuries and damages and claim all damages allowable by law.

## COUNT V
## (FRAUD)

39. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-38 of the Complaint as if stated fully herein.

40. This action will determine the rights of the parties to the Property.

41. Defendants Trustees Services of Virginia and U.S. Bank have acted as if the appointment of the trustee was conforming to the Deed of Trust and the laws of the commonwealth of Virginia.

42. Defendants, by their misrepresentation and without establishing their standing, or demonstrating to the Plaintiff, and the judicial system and the Courts of the state of Virginia, that Defendants are true parties in interest, have fraudulently set themselves up as having the right to commence or effectuate foreclosures in the state of Virginia.

## COUNT VI
## (UNJUST ENRICHMENT)

43. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-42 of the Complaint as if stated fully herein.

44. The Defendants' collection actions were in violation of the law and resulted in Defendants being unjustly enriched by the payments of fees, insurance proceeds and equity on the home.

45. As a result of the Defendants' unjust enrichment, the Plaintiff has been injured and damaged in that the Plaintiff has lost equity in his home resulting in financial and emotional damages including mental anguish.

46. Plaintiff claims all damages allowable under the law as a result of the Defendants wrongful conduct and unjust enrichment.

## COUNT VII
## (CIVIL CONSPIRACY)

47. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-46 of the Complaint as if stated fully herein.

48. The Defendants Trustees Services of Virginia and U.S. Bank engaged in an unlawful combination and conspiracy to foreclose on the Plaintiff's home loan for the purpose of unjustly enriching themselves in violation of the law. This unlawful activity had the effect of unjustly enriching the joint venturers and conspirators.

49. As a result of this civil conspiracy, civil wrongs were committed against the Plaintiff. The motivation of the civil conspiracy was third party Defendants' greed.

50. Plaintiff claims all damages allowable under the law as a result of the Defendants wrongful conduct and unjust enrichment.

51. As a result of the civil conspiracy, the Plaintiff claims all damages allowed by law.

## COUNT VIII
## (QUIET TITLE)

52. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-51 of the Complaint as if stated fully herein.

53. Plaintiff is the only party to this matter that can prove legal and equitable ownership interest in the Property

54 Plaintiff therefore seeks a declaration that the title to the Property is vested in Plaintiff alone, free of liens of any Deed of Trust, and that Defendants be declared to have no estate, right, title or interest in the subject property, and, further, that said Defendants be forever enjoined from asserting any estate, right, title interest in the Property adverse to Plaintiff herein, and award him reasonable attorneys' fees and costs.

WHEREFORE, the Plaintiff having set forth his claim of relief against the Defendants Trustees Services of Virginia and U.S. Bank ., respectfully requests of the Court as follows:

A. Issue a declaratory judgment declaring that the title of the property is vested in the plaintiff's name alone and that defendants be declared to have no interests in the property.

B. Issue an Order declaring the Trustee Deed to the property be stricken form land records and be declared null and void and of no effect.

C. That the Plaintiff have such other and further relief as the Court may deem just and proper and equitable given the facts of this case

### PRAYER FOR INJUNCTIVE RELIEF

55 Plaintiff respectfully requests the following remedy from this Honorable Court.

1) An injunction preventing Defendants or its agents from attempting to take any action or to take possession of the property, including, but not limited to, enjoining any unlawful detainer action pending the resolutions of the matters raised in this Complaint.

2) Compensation to Plaintiff, in an amount to be proven at trial, for Defendant's

Fraud, Negligent Misrepresentation and Civil conspiracy.

3. To enter an Order striking any document recorded at Fairfax County land records that asserts authority, interest in Plaintiff's property, in violation of Virginia law, and award Plaintiff all equitable damages of this suit, as but for the negligent actions of the Defendants and any other relief this Court deems just and necessary for the administration of justice.

### RIGHT TO AMEND

Plaintiff hereby reserves the right to amend this lawsuit, including additional facts and/or causes of action as more information becomes available.

### DEMAND OF JURY TRIAL REQUESTED ON ALL COUNTS

Respectfully submitted,

*(signature)*

OLGA SOLEDAD REYES

### ACKNOWLEDGMENT

STATE OF VIRGINIA, At Large

County of Fairfax, to wit:

I, the undersigned NOTARY PUBLIC in and for the State and County aforesaid, do hereby Certify that OLGA SOLEDAD REYES whose name is signed to the foregoing documents, dated has acknowledged the same before me in my State and County aforesaid.

Given under my hand and seal this 17th day of April 2018

*(signature)*
NOTARY PUBLIC

My commission expires: 07/31/2019

NINOSKA FERNANDEZ
NOTARY PUBLIC
REGISTRATION # 7188352
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
JULY 31, 2019